# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DONNA SCHOTT,<br><br>        Plaintiff,<br><br>vs.<br><br>CARE INITIATIVES,<br><br>        Defendant. | No. C 08-4068-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

_____

In this action, plaintiff Donna Schott alleges that she was terminated by defendant Care Initiatives from her position as the administrator of a nursing home facility in Kingsley, Iowa, because of her age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623 *et seq.*, and the Iowa Civil Rights Act (ICRA), IOWA CODE CH. 216. Trial is set to begin in this matter on February 8, 2010.

On September 10, 2009, Care Initiatives filed the Motion For Summary Judgment (docket no. 14) now before the court. Schott filed her Resistance (docket no. 15) to Care Initiatives's motion on October 1, 2009, and Care Initiatives filed a Reply (docket no. 17) on October 7, 2009. Although Care Initiatives requested oral arguments on its Motion For Summary Judgment, the court finds that oral arguments are unnecessary, so the motion will be resolved on the written submissions.

Motions for summary judgment essentially "define disputed facts and issues and . . . dispose of unmeritorious claims [or defenses]." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1982 (2007); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . ."). Summary judgment is only appropriate

when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no *genuine* issue of *material* fact and that the moving party is entitled to a judgment as a matter of law." *Id*. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."). A fact is *material* when it "'might affect the outcome of the suit under the governing law.'" *Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Thus, "the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. An issue of material fact is *genuine* if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question," *Woods*, 409 F.3d at 990 (quoting *Anderson*, 477 U.S. at 248); *see Diesel Machinery, Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (stating genuineness depends on "whether a reasonable jury could return a verdict for the non-moving party based on the evidence").

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue," *Hartnagel,* 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323), and demonstrating that it is entitled to judgment according to law. *See Celotex*, 477 U.S. at 323 ("[T]he motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the

2

pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley*, 415 F.3d at 910 ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). In considering whether a genuine issue of material fact is present the court must view all the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences. *Matsushita*, 475 U.S. at 587-88; *Mosley*, 415 F.3d at 910. However, the court does not weigh the evidence, assess credibility, or determine the truth of the matters presented. *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004); *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).

The court recognizes "that summary judgment is disfavored in employment discrimination cases," such as this one. *Simpson v. Des Moines Water Works*, 425 F.3d 538, 542 (8th Cir. 2005); *see Woods v. Perry*, 375 F.3d 671, 674 (8th Cir. 2004) ("[S]ummary judgment should be used sparingly in employment discrimination cases. . . ."); *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994) ("[S]ummary judgment should seldom be used in employment discrimination cases."). This is so, "[b]ecause discrimination cases often turn on inferences rather than on direct evidence. . . .," *E.E.O.C. v. Woodbridge Corp.*, 263 F.3d 812, 814 (8th Cir. 2001) (*en banc*) (citing *Crawford*, 37 F.3d at 1341; *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999)), and because "intent" is generally a central issue in employment discrimination cases. *Christopher v. Adam's Mark Hotels*, 137 F.3d 1069, 1071 (8th Cir. 1998) (citing *Gill v. Reorganized Sch. Dist. R-6, Festus, Mo.*, 32 F.3d 376, 378 (8th Cir. 1994)); *see Simpson*, 425 F.3d at 542 (noting summary judgment is disfavored in employment discrimination cases because they are "'inherently fact-based.'" (quoting *Mayer v. Nextel*

*W. Corp.*, 318 F.3d 803, 806 (8th Cir. 2003))). Nevertheless, even in employment discrimination cases, "'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The court will apply these standards to Care Initiatives's Motion For Summary Judgment.

In support of its Motion For Summary Judgment, Care Initiatives argues that, as a matter of law, it had legitimate, nondiscriminatory reasons for terminating Schott's employment—her supervisor's loss of all confidence in her ability to manage the care facility after she engaged in unprofessional behavior—and that, as a matter of law, Schott cannot establish that Care Initiatives's proffered reasons are a pretext for age discrimination, particularly in light of the "but for" causation standard applicable to age discrimination claims under the United States Supreme Court's recent decision in *Gross v. FBL*, 129 S. Ct. 2343 (2009). In response, Schott asserts that there are numerous facts from which reasonable jurors could conclude that Care Initiatives's proffered reasons are not the real reasons that she was terminated from her position and that her age was, in fact, the real reason.

The court finds that a question *ante* to disposition of Care Initiatives's motion, to which the parties have given only very short shrift, is whether the "but for" causation standard for age discrimination claims under the ADEA established in *Gross* applies to age discrimination claims under the ICRA. Care Initiatives argues—in just two sentences—that federal law regarding the ADEA also "provides an analytical framework for analyzing ICRA claims," citing this court's decision in *Roberts v. USCC Payroll Corp.*, 635 F. Supp. 2d 948, 961 (N.D. Iowa 2009), then leaps from this statement to the conclusion

that "Schott's ICRA claim is also governed by the 'but for' standard of *Gross*." Schott concedes that "[c]laims pursuant to the ICRA undergo the same analysis as claims brought pursuant to the ADEA," citing *King v. United States*, 553 F.3d 1156, 1160 n.3 (8th Cir. 2009), a decision this court also cited in *Roberts*, and acknowledges that *Gross* imposes a "but for" causation standard on her ADEA claim. She nowhere argues that the ADEA and the ICRA might nevertheless have *substantive* differences.

In *Roberts*, this court's complete statement—truncated in the quotation by Care Initiatives, above—was that "federal law is *not controlling*, but *merely* provides an analytical framework for analyzing ICRA claims." *Roberts*, 635 F. Supp. 2d at 961-62 (emphasis added) (citing *Soto v. John Morrell & Co.*, 285 F. Supp. 2d 1146, 1177-78 (N.D. Iowa 2003), in turn citing *Hulme v. Barrett*, 449 N.W.2d 629, 631 (Iowa 1989)). Moreover, in *Hulme*, the Iowa Supreme Court explained that, when it had ruled that "civil rights cases brought under chapter 601A [now chapter 216] will be 'guided by federal law' and 'federal cases,'" it was "referring to the analytical framework utilized by the federal courts in interpreting federal law and not to a substitution of the language of the federal statutes for the clear words of the Iowa Civil Rights Act." *Hulme*, 449 N.W.2d at 631 (quoting *King v. Iowa Civil Rights Comm'n*, 334 N.W.2d 598, 601 (Iowa 1983)). The Iowa Supreme Court then rejected importation into the ICRA of the *federal* definition of the protected group for ADEA claims as persons from forty to seventy years of age, instead looking to Iowa's own act to determine if the plaintiff is a protected person, because the ADEA does not preempt state age discrimination law. *Id*.

Thus, however convenient it might be for courts to "lump" state and federal age discrimination claims together for substantive determinations as well as for the applicable analytical framework, this court believes that to do so might be plain error, because the Iowa Supreme Court recognizes that there might be *substantive* differences between state

5

and federal antidiscrimination laws. Moreover, as to the substantive question at issue here, while the United States Supreme Court recently settled, at least for the moment, the question of the causation standard applicable to age discrimination claims under the ADEA in *Gross*, 129 S. Ct. 2343, the Iowa Supreme Court has also recently settled on a *different* causation standard for employment discrimination claims under the ICRA.

First, in *Gross*, Justice Thomas, writing for a five-four majority, held that a *Price Waterhouse* mixed-motives jury instruction is never proper in an ADEA case; rather to prevail on a disparate treatment claim under the ADEA, the plaintiff must prove that age was the "but-for" cause of the challenged adverse employment action. Justice Thomas explained that, after the decision in *Price Waterhouse*, Congress had amended Title VII expressly to authorize a claim in which an improper consideration was "a motivating factor" for an adverse employment decision, but that the Court had never held that a *Price Waterhouse* burden-shifting analysis under Title VII applied to the ADEA, and that courts "'must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination.'" *Gross*, 129 S. Ct. at 2349 (quoting *Federal Express Corp. v. Holowecki*, 128 S. Ct. 1147, 1153 (2008)). Justice Thomas noted that, unlike Title VII, the ADEA does not provide that age discrimination is established simply by showing that age was a motivating factor for the challenged decision, and Congress had not amended the ADEA in the same way that it had amended Title VII expressly to authorize a mixed-motives claim, even though it had contemporaneously amended the ADEA in other ways. Thus, he concluded that interpretation of the ADEA is not governed by Title VII cases like *Price Waterhouse* and *Desert Palace*. *Id*. Justice Thomas then focused on the text of the ADEA, which prohibits discrimination "because of" age. *Id*. at 2350. From this language, he concluded that, "[t]o establish a disparate-treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-

for' cause of the employer's adverse decision," and the plaintiff, consequently, retains the burden of persuasion to establish that age was the "but-for" cause of the adverse employment action in question. *Id.* at 2350-51.

The dissent in *Gross*, by Justice Stevens, joined by Justices Souter, Ginsberg, and Breyer, argued that the most natural reading of "because of" age prohibited adverse employment actions motivated in whole or in part by the age of the employee, and neither the Court nor Congress had ever embraced "but-for" causation as the applicable standard for the "because of" language in Title VII. Moreover, the dissent argued that the majority had engaged in inappropriate and unnecessary lawmaking. *See Gross*, 129 S. Ct. at 2353 (Stevens, J., dissenting).

The Iowa Supreme Court, like the United States Supreme Court before *Gross*, has never read "because of" age, or any other protected characteristic, in the ICRA to mean "but for" that protected characteristic. Indeed, in *Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1 (Iowa 2009), a decision issued a month-and-a-half after *Gross*, the Iowa Supreme Court expressly concluded that "in discrimination cases [under IOWA CODE CH. 216], the plaintiff need only demonstrate 'termination occurred under circumstances giving rise to an inference of discrimination' and his or her status as a member of a protected class was *a* determining factor in the decision to terminate employment." *Deboom*, 772 N.W.2d 1 (emphasis in the original) (internal pagination not yet available). The court distinguished between the "higher" causation standard in tortious discharge cases, which it reiterated was "*the* determining factor," and the lower standard in employment discrimination cases, "*a* determining factor," and explained, further, that, in the context of jury instructions, "it would be easier to use the word 'motivating' instead of 'determining' in discrimination cases." The court explained, further, "Rather than have competing definitions of substantially the same word (*a* determining factor v. *the*

7

determining factor) in similar areas of the law (discrimination and tortious discharge), adopting the word 'motivating' in discrimination cases would eliminate the confusion between the differing burdens of proof in these types of cases." *Id*. (emphasis in the original).

Notwithstanding that the Iowa Supreme Court did not mention *Gross* in its analysis, this court believes that it could not be clearer that the Iowa Supreme Court does *not* impose a "but for" causation standard in any ICRA employment discrimination case, based on age or any other protected characteristic, and that the appropriate causation standard in such cases is "motivating factor." In short, the causation standards for Schott's age discrimination claims under federal and state law are *different*, as a matter of law, even if the same analytical framework is otherwise applicable to the two claims.[1]

This difference in causation under the law governing the state and federal age discrimination claims is important here, because, as this court has noted above, whether or not summary judgment is appropriate turns on whether or not there are genuine issues of material fact, and a fact is "material" when it "'might affect the outcome of the suit under the governing law.'" *Johnson*, 326 F.3d at 1005 (quoting *Anderson*, 477 U.S. at 248); *Anderson*, 477 U.S. at 248 ("[T]he substantive law will identify which facts are material."); *Roberts*, 635 F. Supp. 2d at 958 (same). Here, where the causation standards for the two kinds of age discrimination claims differ, it is entirely possible that facts that are not sufficient to affect the outcome of the *federal* claim, under a "but for" causation standard, would nevertheless be sufficient to affect the outcome of the *state* claim, under the "motivating factor" causation standard, so that Care Initiatives might be entitled to

---

[1] One might say that the *Deboom* decision "lowers de boom" on Care Initiatives's assertion that the causation standards are the same for Schott's state and federal age discrimination claims.

8

summary judgment on the federal claim, but not be entitled to summary judgment on the state claim. Indeed, it is entirely possible that *a jury* could ultimately find that Schott had failed to prove her *federal* age discrimination claim, but had proved her *state* age discrimination claim. Apparently, this nuance was entirely lost upon the parties.

Upon the court's review of the record, the court concludes that Care Initiatives is not entitled to summary judgment on *either* of Schott's age discrimination claims. Applying the *McDonnell Douglas* burden-shifting analysis, which remains applicable to *both* age discrimination claims, because they are based on circumstantial evidence, *see Roberts*, 635 F. Supp. 2d at 962 n.2, the court finds, and Care Initiatives does not dispute, that Schott has generated a *prima facie* case of age discrimination, where she was terminated from her position and replaced by a younger administrator, and the court also finds, and Schott does not dispute, that Care Initiatives has offered legitimate, nondiscriminatory reasons for its decision to terminate her. *Id.* at 962-63 (noting that these are the first two steps of the burden-shifting paradigm). The rub comes when the court turns to the third step of the analysis, whether Schott has generated genuine issues of material fact that Care Initiatives's proffered reasons are a pretext for discrimination. *Id.*

Although Care Initiatives makes what might be a persuasive *jury* argument about the insufficiency of Schott's showing of pretext—and one that the court might even buy if it were the trier of fact and the credibility assessments of live witnesses at trial bore out all of the inferences that might be drawn from a cold record—Schott has, nevertheless, generated genuine issues of material fact on the "pretext" issue. FED. R. CIV. P. 56(e) (once the moving party meets its burden, the resisting party must demonstrate that there is a genuine issue of material fact precluding summary judgment); *Mosley*, 415 F.3d at 910 (same). Inferences of pretext arise, *inter alia*, from Schott's evidence that her performance, even in the interpersonal relationships aspect of her job, was praised prior

to her termination; evidence of the apparent shifting of Care Initiatives's rationale for Schott's termination; inconsistencies between how often Schott's supervisor said he had felt he needed to visit the facility Schott administered shortly before her termination and what the record evidence shows about how often he actually visited; evidence that Schott's replacement was not only younger, but had less strong evaluations in various areas; and evidence that younger administrators with weaker records were not disciplined in the same way that Schott was. This list is by no means exclusive, but it does demonstrate that this is precisely the sort of employment discrimination case in which summary judgment is discouraged, because it turns on inferences of intent and causation from circumstantial evidence (*i.e.*, whether the causation standard is "but for" or "motivating factor"). *See, e.g., Simpson*, 425 F.3d at 542 (noting summary judgment is disfavored in employment discrimination cases because they are "'inherently fact-based.'" (quoting *Mayer*, 318 F.3d at 806).

In other words, there is "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49. The court declines to weigh the evidence and determine the truth of the matter, as it would have to do to grant Care Initiatives's motion. *See Kammueller*, 383 F.3d at 784 (on a motion for summary judgment, the court does not weigh the evidence or determine credibility); *Quick*, 90 F.3d at 1376-77 (on summary judgment, the court does not determine the truth of the matter, but determines whether a dispute about a material fact is genuine). Instead, viewing all the evidence in the light most favorable to the nonmoving parties, and giving the nonmoving parties the benefit of all reasonable inferences that can be drawn from the facts, *Matsushita Elec. Indus.*, 475 U.S. at 587-88, the court finds that genuine issues of material fact preclude summary judgment in favor of Care Initiatives. *See* FED. R. CIV. P. 56(c) (summary judgment is

only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no *genuine* issue of *material* fact and that the moving party is entitled to a judgment as a matter of law" (emphasis added)); *see Woods*, 409 F.3d at 990 ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.").

THEREFORE, Care Initiatives's September 10, 2009, Motion For Summary Judgment (docket no. 14) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 15th day of October, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA